UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 16CR1093-LAB |
| vs. ) | |
| ) | |
| BRIAN KELLY ) | Protective Order for Minors and |
| Defendants. ) | Order Re: Compliance with 18 |
| ) | U.S.C. § 3509(d) |
| ) | |

 IT IS HEREBY ORDERED, that the privacy protection measures mandated by 18 U.S.C. § 3509(d), when a case involves a person under the age of eighteen years who is alleged to be a victim of a crime of sexual exploitation, or a witness to a crime committed against another person, apply to this case, thus;

 IT IS FURTHER ORDERED that all persons acting in this case in a capacity described in 18 U.S.C. § 3509(d)(1)(B), shall:

 1. Keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and

 2. Disclose such documents or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.

 IT IS FURTHER ORDERED that all papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order. The person who makes the filing shall submit to the clerk of the court:

 1. the complete paper to be kept under seal; and

2. the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

IT IS FURTHER ORDERED that the defendant, counsel for the defendant and counsel for the United States shall be provided with a copy of each unredacted charging document and entitled to an unredacted copy of any pleading filed in this case, provided that such pleading is not filed ex-parte.

IT IS FURTHER ORDERED that pursuant to Federal Rule of Criminal Procedure 16(d) and General Order No. 514 of the United States District Court for the Southern District of California ("General Order No. 514"):

1. Any discoverable documents that were filed under seal are unsealed for the limited purpose of allowing the United States to provide them to each defendant and defense counsel ("the defense") in discovery.

2. All discovery produced by the United States in this case is for use by the defense solely for investigating, preparing for trial, trial, and any appeals of this matter and for no other purpose.

3. The defense may not distribute, disseminate, disclose, or exhibit discovery materials to any person who is not a part of the defense, except as further set forth herein.

4. The defense shall take all reasonable steps to: (a) maintain the confidentiality of the discovery, and (b) safeguard the discovery produced in this case from disclosure to or review by any third party.

6. The defense may share discovery materials with any investigators, consultants or experts retained by the defense in connection with this case, provided that the defense informs any such individual(s) of this Order and obtains his/her written agreement to be bound by its terms.

7. The defense may show witnesses discovery materials as necessary for the preparation of the defense, but may not give copies or the materials to witnesses absent further Order of the Court.

8. The defense shall return any and all copies of the discovery to the United States within 90 days of the conclusion of the proceedings in the above-referenced case, including any appeal.

9. To the extent that any of the criminal discovery materials contain any individual's personal information, within the meaning of General Order 514, the defense shall redact any filings referencing or containing said materials in a manner consistent with General Order 514.

10. To the extent that any criminal discovery materials were filed with the court under seal, the defense shall file a motion to unseal the documents with notice to the United States before any pleadings or exhibits referencing or containing said materials may be publically filed.

11. If defense counsel withdraws or is disqualified from participation in this case, the defense shall return any discovery produced pursuant to the Order shall be returned to the United States within 10 days.

A KNOWING OR INTENTIONAL FAILURE TO COMPLY WITH THE PRIVACY PROTECTIONS ACCORDED BY 18 U.S.C. § 3509 IS A CRIMINAL CONTEMPT PUNISHABLE BY IMPRISONMENT AND OR A FINE PURSUANT TO 18 U.S.C. § 403.

IT IS SO ORDERED.

DATED this 29th day of June, 2016.

_____
HONORABLE LARRY A. BURNS
United States District Judge